# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATING TRUST, | |
| Plaintiff, | Adversary Proceeding Case No. 19-50958 (BLS) |
| v. | |
| GREGG W. BUTLER, | |
| Defendant. | |

## DEFENDANT, GREGG W. BUTLER'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT: (I) FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD

Defendant Gregg W. Butler (the "Defendant"), submit this Answer and Affirmative Defenses to the ADVERSARY COMPLAINT: (I) FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD of Michael Goldberg, in his capacity

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

as Liquidating Trustee of the Woodbridge Liquidating Trust, (the "Plaintiff"), in the matter of Woodbridge Group of Companies, LLC., et al. (the "Debtors"), filed on November 27, 2019 (the "Complaint"), and states and alleges as follows:

## NATURE OF THE ACTION

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint. To the extent a response is required, Defendant denies paragraph 1.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint. To the extent a response is required, Defendant denies paragraph 2.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint. To the extent a response is required, Defendant denies paragraph 3.

## JURISDICTION AND VENUE

4. The Defendant denies paragraph 4 of the Complaint. The Defendant object to the court's jurisdiction over all claims and the filing of this Answer does not constitute a waiver of the Defendant's objection to jurisdiction, process, or service of process. In the event that this Court does find that it has jurisdiction, the Defendant reserves his right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of a final order by the Bankruptcy Court.

5. In response to paragraph 5 of the Complaint, the Defendant admit.

## THE PARTIES

*The Liquidation Trust*

6. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 6 of the Complaint.

7. The Defendant is informed and believe that the status of the case is as reflected

in the Court records, but, except as so admitted, denies each and every allegation of paragraph 7 of the Complaint.

8. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 8 of the Complaint.

9. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 9 of the Complaint.

10. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 10 of the Complaint.

11. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 11 of the Complaint.

12. The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 12 of the Complaint.

*Defendants*

13. The Defendant denies paragraph 13 of the Complaint.
14. The Defendant denies paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

*The Fraud*

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint. To the extent a response is required, Defendant denies paragraph 15.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint. To the extent a response is required, Defendant denies paragraph 16.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint. To the extent a response is required, Defendant denies paragraph 17.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint. To the extent a response is required, Defendant denies paragraph 18.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint. To the extent a response is required, Defendant denies paragraph 19.

*The Transfers*

20. The Defendant denies paragraph 20 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code

21. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 20 above.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint. To the extent a response is required, Defendant denies paragraph 22.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint. To the extent a response is required, Defendant denies paragraph 23.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint. To the extent a response is required, Defendant denies paragraph 24.

25. Paragraph 25 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 25.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

26. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 25 above.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint. To the extent a response is required, Defendant denies paragraph 27.

28. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint. To the extent a response is required, Defendant denies paragraph 28.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint. To the extent a response is required, Defendant denies paragraph 29.

30. Paragraph 30 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 30.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

31. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 30 above.

32. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint. To the extent a response is required, Defendant denies paragraph 32.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint. To the extent a response is required, Defendant denies paragraph 33.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint. To the extent a response is required, Defendant denies paragraph 34.

35. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint. To the extent a response is required, Defendant denies paragraph 35.

36. Paragraph 36 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 36.

37. Paragraph 37 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 37.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Voidable Transactions – State Law

38. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 37 above.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint. To the extent a response is required, Defendant denies paragraph 39.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint. To the extent a response is required, Defendant denies paragraph 40.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint. To the extent a response is

required, Defendant denies paragraph 41.

42. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint. To the extent a response is required, Defendant denies paragraph 42.

43. Paragraph 43 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 43.

44. Paragraph 44 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 44.

## FIFTH CLAIM FOR RELIEF

### Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))

45. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 44 above.

46. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint. To the extent a response is required, Defendant denies paragraph 46.

47. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint. To the extent a response is required, Defendant denies paragraph 47.

48. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint. To the extent a response is required, Defendant denies paragraph 48.

49. Paragraph 49 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 49.

50. Paragraph 50 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 50.

51. Paragraph 51 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 51.

## SIXTH CLAIM FOR RELIEF

### Fraud

52. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 51 above.

53. In response to paragraph 53 of the Complaint, the Defendant denies.

54. In response to paragraph 54 of the Complaint, the Defendant denies.

55. In response to paragraph 55 of the Complaint, the Defendant denies.

56. In response to paragraph 56 of the Complaint, the Defendant denies.

57. Paragraph 57 of the Complaint contains statements and legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 57.

## SEVENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

58. The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 57 above.

59. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint. To the extent a response is required, Defendants deny paragraph 59.

60. In response to paragraph 60 of the Complaint, the Defendant denies.

61. In response to paragraph 61 of the Complaint, the Defendant denies.

62. In response to paragraph 62 of the Complaint, the Defendant denies.

63. In response to paragraph 63 of the Complaint, the Defendant denies.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant request that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

64. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

65. Pursuant to 11 U.S.C. 547(c)(2), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant, and such Transfers were either: (A) made in the ordinary course of business or financial affairs of the Debtor and the Defendant, or (B) made according to ordinary business terms.

## SECOND AFFIRMATIVE DEFENSE

66. Pursuant to 11 U.S.C. 547(c)(1), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were: (A) intended by the Debtors and the Defendant to or for whose benefit such Transfer was made to be a contemporaneous exchange for new value given to the Debtor; and (B) in fact a substantially contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

67. Pursuant to 11 U.S.C. 547(c)(4), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that, after such Transfers, the Defendant gave new value to or for the benefit of the Debtor that was: (A) not secured by an otherwise unavoidable security

interest; and (B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

68. The Plaintiff seeks to disallow the Defendant's claim due to the Transfers, which the Plaintiff is barred from recovering because at all times relevant to the matters complained of the Debtors and all subsidiaries were solvent. Consequently, the Defendant's claim may not be disallowed.

## FIFTH AFFIRMATIVE DEFENSE

69. Any transfer described in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

## SIXTH AFFIRMATIVE DEFENSE

70. The Plaintiff seeks to disallow the Defendant's claim due to the Transfers which it is barred from recovering by the doctrine of laches and, consequently, the Defendant's claim may not be disallowed.

## SEVENTH AFFIRMATIVE DEFENSE

71. The Plaintiff lacks standing to sue under Section 544 and 548 of the Bankruptcy Code in so far as the Complaint alleges that the Investors authorized and ratified the payments that the Plaintiff seeks to avoid. A Transfer cannot be avoided for the benefit of a creditor that authorized or ratified the Transfer.

72. The Plaintiff lacks standing to assert claims, in whole or in part, by reason that the claims were not specifically and unequivocally retained for the benefit of the Plaintiff in the Plan or Disclosure Statement.

## EIGHTH AFFIRMATIVE DEFENSE

73. The Defendant denies these allegations to the extent that the Defendant has a conduit or earmarking defense.

## NINTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

75. The Plaintiff seeks to disallow the Defendant's claims due to the alleged fraudulent transfers (the "Fraudulent Transfers") which the Plaintiff is barred from recovering to the extent that the transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the Debtor in exchange for such transfer or obligation.

76. Pursuant to 11 U.S.C. 548(c) such alleged Fraudulent Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

## ELEVENTH AFFIRMATIVE DEFENSE

77. To the extent that the Transfers are alleged to be Fraudulent Transfers: the Plaintiff's claims are barred, in whole or in part, by reason that, to the extent that it received any alleged Fraudulent Transfer(s), Defendant was at all times good faith transferees for value pursuant to 11 U.S.C § 548(c), Delaware Uniform Fraudulent Transfer Act § 1308, or any other applicable State law.

## TWELFTH AFFIRMATIVE DEFENSE

78. The Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that the Defendant, to the extent they took any transfer(s), took the alleged Transfers from the Debtors for value, in good faith and without knowledge of the voidability of the alleged Transfers.

## THIRTEENTH AFFIRMATIVE DEFENSE

79. The Plaintiff's claims are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation or any other misconduct on the part of the Debtors and/or anyone acting by, through, for or against it.

## FOURTEENTH AFFIRMATIVE DEFENSE

80. The Plaintiff's claims are barred under the doctrine of *in pari delicto*. (1) The Plaintiff, as a result of his own actions, bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of suit would not significantly interfere with the effective enforcement of the laws and protection of the public.

## FIFTEENTH AFFIRMATIVE DEFENSE

81. The Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. §546(e) because the transfers to the Defendant were settlement payments related to a securities contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

82. The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendants.

83. The Defendant reserves the right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

84. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend her answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

/ / /

/ / /

**TO THE EXTENT ALLOWED BY LAW JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: May 18, 2020

Respectfully submitted,

By: _____
GREGG W. BUTLER
*Defendant In Pro Se*
570 E. 900 South
Orem, UT 84097
Tel: (310) 990-7356
Email: greggwbutler@yahoo.com

# CERTIFICATE OF SERVICE

I, Robert Jones, certify that I am, and at all times not less than 18 years of age and not a party to the matter. I certify that on May 18, 2020, I caused the foregoing: *DEFENDANT, GREGG W. BUTLER'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT: (I) FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD* to be served by ECF and First-Class Mail upon the following:

PACHULSKI STANG ZIEHL & JONES LLP
Andrew W. Caine
Bradford J. Sandler
Colin R. Robinson
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: (302) 652-4100

Under penalty of perjury, I declare that the foregoing is true and correct.

DATED: May 18, 2020

ROBERT JONES
468 N. Camden Drive
Beverly Hills, CA 90210